348 A.2d 24.

M. DAVID BELL *vs.* B. ALBERT FORD, *Chairman of the Personnel Appeal Board of State of Rhode Island et al.*

DECEMBER 5, 1975.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. This petition for certiorari was filed under the Administrative Procedures Act. It seeks review of a Superior Court judgment upholding the personnel appeal board's refusal to reinstate the petitioner to the position of Chief of Information and Public Relations in the Planning Division of the Rhode Island Department of Natural Resources.

The record certified discloses that early in November 1968 petitioner received a probationary appointment to the position he now seeks to regain, and it further reveals that during the probationary period the appointing authority did not notify the appropriate official in writing that petitioner's services had been satisfactory and that it was desired that he be continued in the state service. Notwithstanding the absence of that notification, petitioner's employment was not in fact terminated until June 10, 1969, following the filing on May 22, 1969 of a final probationary report stating that his services had been unsatisfactory and refusing to recommend him for permanent status.

The petitioner argues that once he was held over beyond the expiration of the term specified as the period of probation, he was automatically entitled to entry into

the classified service and to the protection guaranteed by the civil service rules and statutes. He supports his position by citing cases from other states. Those cases construe statutory provisions similar in tenor to G. L. 1956 (1969 Reenactment) §36-4-28, as amended by P. L. 1970, ch. 211. That amendment was enacted subsequent to the events giving rise to this litigation. It specifically provides that an appointee acquires permanent status at the expiration of his probationary term *unless* the appointing authority advises the personnel administrator to the contrary. The governing statute in this case, however, is §36-4-28, not as it now reads, but as it read prior to the 1970 amendment. It then provided:

> "All original appointments and promotional appointments to the classified service shall be for a probationary period of six (6) months, during which time the appointing authority shall report to the personnel administrator every sixty (60) days concerning the work of the employee and at the expiration of the probationary period no salary or other compensation shall be paid to any such person, unless the appointing authority has filed with the personnel administrator a statement in writing that the services of the appointee during the probationary period have been satisfactory and that it is desired that he be continued in the service. Any employee may be dismissed by the appointing authority during the probationary period for reasons relating to the employee's qualifications or for the good of the service stated by the appointing authority in writing and filed with the personnel administrator."

The language of §36-4-28 prior to its amendment is clear and unambiguous; it leaves no room for construction. In summary, it provides that an original appointee to the classified service will serve in a probationary status for 6 months during which period he may not be dismissed except for reasons relating to his qualifications or for the good of the service. At the expiration of that period his

employment terminates *unless* the appointing authority notifies the personnel administrator in writing that the employee's services during the probationary term were satisfactory and that it is desired that he be continued in the service. Giving that notice is a prerequisite to a change in the employee's status from probationary to permanent.

In this case the certification requisite to retention of employment was not made and therefore the petitioner's right to continue as a state employee concluded at the end of the 6 months' probationary period. For reasons which the record does not disclose the petitioner continued on the state's payroll for about a month subsequent to the time he should have been separated. That happenstance in no way overrides §36-4-28's clear directive.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the record previously certified is ordered returned to the Superior Court with our decision endorsed thereon.

Mr. Chief Justice Roberts did not participate.

*Smith & Smith, Incorporated, Z. Hershel Smith,* for petitioner.

*Richard J. Israel,* Attorney General, *George H. Egan,* Special Asst. Attorney General, for respondents.